IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| JOSEPH FRANCIS WEAVER, #1394333 | § | |
| VS. | § | CIVIL ACTION NO. 4:10cv46 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner Joseph Francis Weaver, a Texas prison inmate confined at the McConnell Unit in Beeville, Texas, proceeding *pro se*, filed a motion for reconsideration (docket entry #45) in this case. To succeed on a motion for reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). A Rule 59 motion should not be used to rehash evidence, legal theories, or arguments that could have been raised or were raised before entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Petitioner asserts that he is entitled to relief because his case was dismissed although he had filed a motion for an extension of time in which to file his objections. A review of the docket shows that the Report and Recommendation was issued on March 8, 2013; accordingly, objections were due by March 22, 2013. On March 25, 2013, the United States Magistrate Judge forwarded the closing documents to the undersigned court. Hours after the closing documents had been forwarded, Petitioner's

motion for an extension of time was filed. Final Judgment was issued on March 26, 2013.

The court notes that Petitioner still has not filed objections, even if untimely. Thus, Petitioner has presented nothing for the court to consider. Therefore, in the absence of any new arguments or evidence that could not have been raised in Petitioner's first proceeding, the court denies Petitioner's motion for reconsideration as he has failed to state any grounds sufficient to reopen or revisit the case. Fed. R. Civ. P. 59(a). Should Petitioner wish to file a motion for reconsideration pursuant to Rule 60 of the Federal Rules of Civil Procedure, he should include his objections and demonstrate a fundamental miscarriage of justice. In the interest of justice, the court will consider the motion and objections should Petitioner submit them. He should file a Rule 60 motion within a reasonable period of time. Fed. R. Civ. P. 60( c) (1). It is accordingly

**ORDERED** that Petitioner's motion for reconsideration (docket entry #45) is **DENIED**. Any motions not previously ruled upon are **DENIED**.

**SIGNED this the 10th day of September, 2013.**

*/s/ Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE